Peter M. de Jonge, Utah Bar No. 7185
Gordon K. Hill, Utah Bar No. 9361
THORPE NORTH & WESTERN
8180 South 700 East, Suite 350
Sandy, Utah 84070-0562
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff, American Covers, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN COVERS, INC., a Utah Corporation, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**WITH JURY DEMAND** |
| WINPLUS NORTH AMERICA, INC., a California Corporation, | Judge _____ |
| Defendant. | |

Plaintiff, American Covers, Inc. (hereinafter "American Covers") by and through its counsel hereby files this Complaint with Jury Demand against Defendant, Winplus North America, Inc. (hereinafter "Winplus").

## COMPLAINT

American Covers complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. American Covers, Inc. is a Utah corporation having a principal place of business at 675 West 14600 South, Bluffdale, Utah 84065.

2.   Upon information and belief, Winplus North America, Inc. is a California corporation having a principal place of business at 375 West Apra Street, Rancho Dominquez, California 90220.

3.   American Covers brings this action under the U.S. patent laws of the United States Code and under various other Utah State and common law provisions.

4.   This Court has diversity jurisdiction over this action under 28 U.S.C. §1332 because American Covers and Winplus are citizens of different states and the amount in controversy exceeds $75,000.

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367.

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

7.   This Court has general personal jurisdiction over Winplus because it has sufficient contacts with the State of Utah.  Moreover, this Court has specific personal jurisdiction over Winplus because the accused product is sold in Utah and the acts giving rise to this lawsuit occurred in the State of Utah.

## GENERAL ALLEGATIONS

8.   American Covers is in the business of inventing, developing, manufacturing, distributing, marketing and selling various automobile accessories and other products, including a frictional pad used mainly in a vehicle to help keep items from slipping off the pad.

9.   American Covers is the owner of U.S. Patent No. 7,125,602 entitled "Frictional Holding Pad" duly and legally issued October 24, 2006 to the inventor Alan J. Wheatley (attached hereto as Exhibit A and hereinafter referred to as "'602 Patent").  American Covers owns all substantial rights in the '602 Patent.

2

10. American Covers is the owner of U.S. Patent No. 7,252,867 entitled "Frictional Holding Pad" duly and legally issued August 7, 2007 to the inventor Alan J. Wheatley (attached hereto as Exhibit B and hereinafter referred to as "'867 Patent"). American Covers owns all substantial rights in the '867 Patent.

11. Upon information and belief, Winplus has without authorization infringed and continues to infringe one or more claims of the '602 Patent by its manufacture, use, offer for sale and/or sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

12. Upon information and belief, Winplus has without authorization actively induced and currently is actively inducing others to infringe one or more claims of the '602 Patent through its sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

13. Upon information and belief, Winplus has without authorization contributorily infringed and currently is contributorily infringing the '602 Patent by its offer for sale and sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

14. Upon information and belief, Winplus has without authorization infringed and continues to infringe one or more claims of the '867 Patent by its manufacture, use, offer for sale and/or sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

15. Upon information and belief, Winplus has without authorization actively induced and currently is actively inducing others to infringe one or more claims of the '867 Patent

through its sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

16. Upon information and belief, Winplus has without authorization contributorily infringed and currently is contributorily infringing the `867 Patent by its offer for sale and sale of certain automobile accessories, including at least the Non-Slip Dash Mat marketed under the name Touring Items Type S.

17. Upon information and belief, Winplus's infringement, inducement of infringement and contributory infringement of the `602 Patent and the `867 Patent have been and continue to be willful.

18. As a result of Winplus's actions, American Covers has suffered and continues to suffer substantial injury, including irreparable injury, and will result in damages to American Covers, including loss of sales and profits, which American Covers would have made but for the infringing activities of Winplus.

19. As such, American Covers is entitled to a preliminary and permanent injunction to prevent further infringement of the `602 Patent and the `867 Patent.  Moreover, American Covers asserts that it should receive treble damages and attorneys' fees due to the exceptional nature of this case.

**FIRST CAUSE OF ACTION**

**(Patent Infringement – 35 U.S.C. §271)**

20. American Covers hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

21. Upon information and belief, Winplus has been and continues to make, use, import, offer to sell and/or sell within the United States products which infringe one or more claims of the `602 Patent and the `867 Patent, which patents are owned by American Covers.

22. Upon information and belief, Winplus has been and continues to actively induce others to infringe one or more claims of the `602 Patent and the `867 Patent, which patents are owned by American Covers.

23. Upon information and belief, Winplus has been and continues to contributorily infringe one or more claims of the `602 Patent and the `867 Patent, which patents are owned by American Covers.

24. Through these activities, Winplus has infringed American Covers's patent rights under the Patent Act, 35 U.S.C. §271.

25. American Covers has suffered actual damages, including lost profits, as a result of patent infringement by Winplus in an amount to be proven at trial. Additionally, the harm to American Covers arising from these acts by Winplus is not fully compensable by money damages. American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this infringing conduct by Winplus is preliminarily and permanently enjoined.

26. Upon information and belief, Winplus was surely familiar with the `602 Patent and the `867 Patent and Winplus's continued unauthorized patent infringement is willful and intentional. As a result, American Covers is further entitled to treble damages and an award of costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Unfair Competition – Utah Code Ann. §13-5a-103 - Utah Common Law)

27.   American Covers hereby incorporates by this reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28.   Winplus has engaged in unfair methods of competition by intentionally infringing one or more claims of the `602 Patent and the `867 Patent.

29.   Through these activities, Winplus has engaged in unfair competition under Utah Code Ann. §13-5a-103 and/or §13-5-14 and under Utah common law.

30.   American Covers has suffered actual damages, including lost profits, as a result of patent infringement by Winplus in an amount to be proven at trial. Under §13-5a-103, American Covers is entitled to its actual damages, costs and attorneys' fees, and punitive damages. Under §13-5-14, American Covers is entitled to injunctive relief and the greater of $2,000 or three times the amount of actual damages sustained plus court costs.

## THIRD CAUSE OF ACTION

### (Unfair Practices – Utah Code Ann. §13-5-1)

31.   American Covers hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

32.   Winplus has intentionally sold and offered for sale in commerce in the State of Utah the Non-Slip Dash Mat in connection with automobile accessories, which constitutes an unfair and unlawful method of competition in commerce. These actions are unfair or unlawful and are infringements of American Covers's patent rights.

33.   The use, sale or offering for sale of the Non-Slip Dash Mat by Winplus represents unfair competition in violation of the Utah Unfair Practices Act, Utah Code Ann. §13-5-1 et al.

34.   American Covers has suffered actual damages, including lost profits, as a result of unfair business practices by Winplus in an amount to be proven at trial.  Additionally, the harm to American Covers arising from these acts by Winplus is not fully compensable by money damages.  American Covers has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless this unfair conduct by Winplus is preliminarily and permanently enjoined.

WHEREFORE, it is respectfully requested that the Court enter a judgment in favor of American Covers as follows:

A.   That a judgment be entered that Winplus has infringed, actively induced others to infringe, and/or contributorily infringed the `602 Patent;

B.   That Winplus, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing the `602 Patent;

C.   That a judgment be entered that Winplus has infringed, actively induced others to infringe, and/or contributorily infringed the `867 Patent;

D.   That Winplus, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in

participation with any or all of them, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing the `867 Patent;

E.    That a judgment be entered that Winplus be required to pay over to American Covers all damages sustained by American Covers due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. §284 for the willful acts of infringement complained of herein;

F.    That this case be adjudged and decreed exceptional under 35 U.S.C. §285 entitling American Covers to an award of its reasonable attorneys' fees and that such reasonable attorneys' fees be awarded;

G.    That a judgment be entered that Winplus has competed unfairly pursuant to Utah Code Ann. §13-5a-103 and §13-5-14 and Utah common law;

H.    That a judgment be entered that Winplus be required to pay over to American Covers all damages sustained by American Covers due to such unfair competition and unfair practices;

I.    That American Covers be awarded its costs and prejudgment interest on all damages and post-judgment interest until such awards are paid;

J.    That Winplus be required to file with the Court within thirty (30) days after entry of final judgment of this case a written statement under oath setting forth the manner in which Winplus has complied with the final judgment; and

K.    That American Covers be awarded such other and further relief as the Court deems just and equitable.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, American Covers hereby demands a jury trial on all claims and issues so triable.

DATED this ____ day of April, 2009.

Respectfully Submitted:

_____

Peter M. de Jonge
Gordon K. Hill
THORPE NORTH & WESTERN

Attorneys for Plaintiff,
American Covers, Inc.

9

# EXHIBIT  A

(12) **United States Patent**
Wheatley

(10) **Patent No.:**     **US 7,125,602 B2**
(45) **Date of Patent:**     *Oct. 24, 2006

(54) **FRICTIONAL HOLDING PAD**

(75) Inventor: **Alan J. Wheatley,** Draper, UT (US)

(73) Assignee: **American Covers, Inc.,** Draper, UT (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 289 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **10/684,008**

(22) Filed: **Oct. 10, 2003**

(65)     **Prior Publication Data**

US 2004/0084492 A1     May 6, 2004

**Related U.S. Application Data**

(62) Division of application No. 10/209,948, filed on Jul. 30, 2002, now Pat. No. 6,673,409.

(60) Provisional application No. 60/344,571, filed on Dec. 28, 2001, provisional application No. 60/308,955, filed on Jul. 31, 2001.

(51) **Int. Cl.**
**B32B 3/30**     (2006.01)
(52) **U.S. Cl.** .................. 428/156; 296/97.3; 296/97.7; 296/97.9; 428/147; 428/158; 428/160; 428/192; 428/194; 428/922
(58) **Field of Classification Search** ............... 428/40.1, 428/42.1, 131, 192, 41.3, 41.5, 156, 158, 428/160, 141, 922; 296/97.3, 97.7, 97.9
See application file for complete search history.

(56)     **References Cited**

U.S. PATENT DOCUMENTS

2,128,118 A     8/1938    Burford

| | | |
|---|---|---|
| 2,466,502 A | 4/1949 | Stiller |
| 2,642,248 A | 6/1953 | Semon |
| 3,654,047 A | 4/1972 | Berkowitz |
| 4,749,222 A * | 6/1988 | Idland ........................ 296/152 |
| 4,862,944 A * | 9/1989 | Hendershot ............ 160/370.21 |
| 4,944,311 A | 7/1990 | Eldridge, Jr. et al. |
| 5,036,866 A | 8/1991 | Eldrige, Jr. et al. |
| 5,358,094 A * | 10/1994 | Molinaro ..................... 40/524 |
| 5,638,249 A * | 6/1997 | Rubino ........................ 361/225 |
| 5,899,010 A * | 5/1999 | Peck ............................. 40/618 |
| 6,640,477 B1 * | 11/2003 | Timpson et al. .............. 40/591 |
| 6,673,409 B1 * | 1/2004 | Wheatley .................. 428/40.1 |
| 2005/0199668 A1 * | 9/2005 | Wheatley .................. 224/483 |

OTHER PUBLICATIONS

Crown Products 2002.
FNN- Fleet NewsNet: Company car fleet management solutions pp. 1-4, Roadtest (www.fleetnewsnet.co.uk) Jun. 2000.
General Electric "Friction Pad Kit" Instructions Field Made for MPD, MPD Friction Pad, Aug. 19, 1988.

* cited by examiner

*Primary Examiner*—Nasser Ahmad
(74) *Attorney, Agent, or Firm*—Thorpe North & Western

(57)     **ABSTRACT**

A frictional holding pad for removably attaching items, such as a cell phone, to a surface, such as a dash, to allow storage of items on the pad to prevent the items from shifting or sliding due to the movement of the support surface. A bottom surface of the pad is tacky to cling to the surface and a top surface is tacky to cling to the item. A lowermost contact surface of the pad can have a greater surface area than an uppermost contact surface. Indicia can be formed on the pad. The pad can be translucent or transparent. The pad can include an expanded vinyl material or a polyurethane material.

**46 Claims, 3 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6

US 7,125,602 B2

1

## FRICTIONAL HOLDING PAD

This application is a division of U.S. patent application Ser. No. 10/209,948, filed Jul. 30, 2002 now U.S. Pat. No. 6,673,409; which claims the benefit of U.S. Provisional Patent Application Nos. 60/308,955, filed Jul. 31, 2001, and 60/344,571, filed Dec. 28, 2001, is claimed.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates generally to a frictional holding pad or material, particularly useful to releasably secure an object from movement in a vehicle. More particularly, the present invention relates to an expanded vinyl frictional holding material configured to non-chemically adhering to a planar or contoured support surface.

### 2. Related Art

It is often desirable to non-permanently adhere a first object to a second object, but retain the option of removing the first object without damaging either object. Conventional adhesive devices, however, often utilize a chemical bond that is permanent in nature so that removal of the adhesive device either damages the object on which it was used, or leaves a residue on the object that is difficult to remove without damaging the object. Similarly, mechanical retaining devices often are mounted to an object in such a way as to permanently alter the object. There are also magnetic devices in which two pieces are glued to the dash and phone, and then magnetically couple together.

Additionally, many items carried in day-to-day life must often be temporarily stored to free an individual's hands for other tasks. One common example of such a situation arises when an individual enters a vehicle. Items such as cell phones, personal digital assistants, writing instruments or glasses must be stored in order to free the hands of the individual so that he or she may operate the vehicle. In many cases, however, an individual may wish to have ready access to the items should the items be quickly needed, for instance if a call is received on the cell phone. Because most vehicles involve stop-and-go or side-to-side motion, placing such items on open surfaces raises the risk that the items will slide off the open surface during operation of the vehicle. The movement of such items can cause damage to the item itself, damage to the vehicle or interior accessories, and poses a safety problem. For example, a cell phone may break if it falls to the floor, or may fall onto another object, such as a laptop computer, causing further damage. In addition, a driver may be distracted by trying to retrieve the phone from the floor. Hence, storing such items on open surfaces is generally not a viable option.

While most vehicles include storage locations for such personal items, storing the items generally requires the inconvenience of opening a compartment, such as a glove box in an automobile, and storing the items along with the other items already contained within the compartment. Once stored in such compartments, items are not visible to an individual and are not easily accessible should the individual wish to quickly access the items.

Various solutions to the problem have been proposed. Most notably, special mounting devices have been used to secure items in the car. Such mounting devices typically have a base that is secured to some object in the vehicle, and a receiving portion to receive and hold the item. For example, some devices are configured to receive and hold a cell phone. Other devices are configured to receive and hold sunglasses. One disadvantage with such mounting devices is

2

that they are typically customized to hold a particular item, or type of item, and are ill suited for other items. For example, a mounting device for a cell phone may not adequately hold sunglasses. Thus, it may be necessary to have several mounting devices within the vehicle, one for a cell phone, one for sunglasses, one for a GPS unit, etc. One disadvantage with having several mounting devices is that the vehicle appears cluttered. In addition, such mounting devices are typically sold as accessories, and thus add expense. Another disadvantage with such mounting devices is that they can permanently alter and devalue the vehicle.

## SUMMARY OF THE INVENTION

It has been recognized that it would be advantageous to develop a system and method to releasably secure items to a surface without permanently altering the surface. In addition, it has been recognized that it would be advantageous to develop a system and method to releasably secure items to a surface in a vehicle without permanently altering the vehicle surface, and allowing for ready retrieval of the object. In addition, it has been recognized that it would be advantageous to develop such a system and method capable of being used with various different items. In addition, it has been recognized that it would be advantageous to develop such a system and method capable of providing advertisement, and/or personalization or customization.

The invention provides a frictional holding device configured to be disposed on a vehicle or other surface and to receive and secure an item thereon. The device includes a pad with a bottom disposed on the vehicle surface, and a top to removably receive the item thereon. The top has an uppermost contact surface to contact and frictionally cling to the item. The bottom has a lowermost contact surface to contact and frictionally cling to the vehicle surface. The lowermost contact surface has a greater surface area than the uppermost contact surface. Thus, the pad can cling with greater force to the surface of the vehicle while an item is removed from the pad.

In accordance with a more detailed aspect of the present invention, the pad can be bendable and includes a flexible material to conform the pad to changes in the vehicle surface.

In accordance with another more detailed aspect of the present invention, the bottom surface of the pad can be substantially flat, while the top surface can include a plurality of indentations and protrusions. The protrusions can have an upper surface area to form the uppermost contact surface. Thus, the protrusions can form the greater surface area for the bottom surface. The top surface of the pad can be less tacky than the bottom surface so that an item can be removed without removing the pad from the vehicle surface. The bottom surface of the pad can be smoother than the top surface to improve the tackiness or cling of the bottom surface.

In accordance with another more detailed aspect of the present invention, a plurality of holes can be formed around at least a portion of a perimeter of the pad. The holes can give the appearance of a seam.

In accordance with another more detailed aspect of the present invention, indicia can be formed on the pad. The indicia can include a logo, an advertisement, an instruction, a promotion, a company name, or a product name. The top surface of the pad can include at least two sections. A first section can be substantially flat and can have the indicia thereon. A second section can be contoured to receive the item thereon.

3

In accordance with another more detailed aspect of the present invention, a removable backing layer can be removably coupled to the bottom surface of the pad. A removable wrapper can be formed around the pad and the backing layer. The removable backing layer can resist the bottom surface of the pad from coupling to the wrapper.

In accordance with another more detailed aspect of the present invention, the pad can include an expanded vinyl material. In accordance with another more detailed aspect of the present invention, the pad can include a molded polyurethane material.

In accordance with another more detailed aspect of the present invention, at least a portion of the pad can be at least translucent. Thus, details of the vehicle surface can be viewed through the pad. Indicia can be formed on the bottom surface of the pad, and can be visible through the at least a portion of the pad that is at least translucent. Thus, the pad can protect the indicia.

Additional features and advantages of the invention will be apparent from the detailed description which follows, taken in conjunction with the accompanying drawings, which together illustrate, by way of example, features of the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a frictional holding pad in accordance with an embodiment of the present invention, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon;

FIG. 2 is a cross-sectional view of the frictional holding pad of FIG. 1;

FIG. 3 is a detailed, partial cross-sectional view of the frictional holding pad of FIG. 1;

FIG. 4 is a detailed, partial cross-sectional view of the frictional holding pad of FIG. 1 with a release layer and a wrapper in accordance with an embodiment of the present invention;

FIG. 5 is a detailed cross-sectional view of the frictional holding pad of FIG. 1; and

FIG. 6 is a cross-sectional view of another frictional holding pad in accordance with another embodiment of the present invention, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon.

DETAILED DESCRIPTION

Reference will now be made to the exemplary embodiments illustrated in the drawings, and specific language will be used herein to describe the same. It will nevertheless be understood that no limitation of the scope of the invention is thereby intended. Alterations and further modifications of the inventive features illustrated herein, and additional applications of the principles of the inventions as illustrated herein, which would occur to one skilled in the relevant art and having possession of this disclosure, are to be considered within the scope of the invention.

As illustrated in FIGS. 1–5, a frictional holding pad, indicated generally at 10, in accordance with the present invention is shown for releasably retaining, or selectively maintaining, an item 14 on a surface 16. The pad 10 is disposed on the surface 16, and receives the item 14 thereon. The surface 16 can be planar or curved, and can include a dashboard or console of a vehicle. The item 14 can be any of a number of items, including for example, a cell phone, a personal digital assistant (PDA), a writing instrument, such as a pen or pencil, a pair of sunglasses, a pair of eye glasses,

4

a global positioning system (GPS), a radio, a two-way radio, a citizens band (CB) radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, a portable television (TV), etc. Securing personal items in a vehicle is one field that may benefit from use of the present invention. It will be appreciated that other items can be selectively secured to the surface 16 by the pad 10. In addition, it will be appreciated that the pad can be disposed on other surfaces.

The frictional holding pad 10 has an upper or uppermost surface 20 and a lower surface 22. The upper surface 20 is holds one or more objects 14 securely in place despite movement of the surface 16 or vehicle. The lower surface 22 is disposed on and grips the surface 14 is removed. The lower surface 22 of the frictional holding pad 10 can be "tacky", such that the pad 10 tends to cling to the surface 16 in a mechanical fashion, as opposed to a chemical or adhesive manner. The lower surface 22 also can be smoother than the upper surface 20, or have a more shiny appearance.

In addition, the lower surface 22 can have a greater surface area in contact with the surface 16 to provide a greater frictional engagement. The upper surface 20 can have less surface area in contact with the object 14 to provide less frictional engagement. Thus, the pad 10 remains on the surface 16 when the object 14 is removed, rather than removing the pad from the surface while the object is removed from the pad. The upper surface 20 can have contours or texture (indicated at 21) formed thereon to reduce the surface area of the upper surface 20 in contact with the item 14 disposed thereon. Thus, the item 14 can be removed from the pad 10 without the pad sticking to the item or being removed from the surface 16.

The frictional holding pad 10 can be flexible and capable of bending (indicated at 23 in FIG. 2) to conform to curves or details in the surface 16. The frictional holding pad 10 also can have a planer configuration and can be used on planar surfaces. The frictional holding pad 10 can be provided in an original planar configuration, supported by a paper backing or release layer 24. The release layer 24 prevents or resists the pad 10 or lower surface 22 from sticking or clinging to any wrapper or packaging of the pad. The release layer 24 may be stiffer than the pad to maintain the pad in a planar configuration. In addition, the release layer 24 can include indicia thereon, such as instructions for use and care of the pad. The release layer 24 can include a tab 25 protruding therefrom beyond a perimeter of the pad 10 to facilitate removal of the release layer from the pad. Upon removal of the release layer 24, the pad 10 is flexible to enable conformity with a wide array of curved surfaces. In addition, removal of the release layer 24 exposes the lower surface 22 of the pad to be disposed on the surface 16. A removable wrapper 26 can be formed around the pad 10 and the backing layer 24 to protect the pad prior to use. The wrapper 26 and backing layer 24 can be removed prior to placing the pad on the surface 16.

The upper surface 20 of the pad 10 can be non-chemically adhered to items 14 placed thereon. Like the bottom surface 22, the upper surface 20 can be "tacky", such that the pad 10 tends to cling to the item 14 in a mechanical fashion, as opposed to a chemical or adhesive manner. As stated above, the upper surface 20 can be contoured to include protrusions 30 and/or indentations 32. The protrusions 30 and indentations 32 can be rounded or curvilinear to form a more gradual transition between the protrusions and indentations, and create a contour on the upper surface 20 that is wavy or with a more natural appearance, creating a leather-like texture that can match the surface 16. The contour of the

5

surface 20 creates an uppermost surface on the tops of the protrusions 30 that contacts the item 14. The upper or uppermost surface 20 thus has less surface area in contact with the item 14 than the lower surface 22 has in contact with the surface 16. Thus, a greater clinging force is exerted on the item 14 than on the surfaced 16 such that the item 14 can be removed from the pad 10 or upper surface 20 without removing the pad from the surface 16. In addition, the item 14 can be smaller than the pad itself, thus also contributing to less surface contact between the upper surface 20 and the item 14.

Referring to FIG. 5, an array or matrix of a plurality of indentations 34 can be formed in the upper surface 20 of the pad 10 creating a plurality of protrusions 36 therebetween. The indentations 34 and protrusions 36 can be more straight, linear or recta-linear to create a more modern appearance.

The pad 10 can be formed of or can include an expanded vinyl material. It has been found that the expanded vinyl material provides a good frictional or "tacky" quality that remains disposed on the surface, and that retains the items thereon. In addition, it has been found that such an expanded vinyl material typically can be disposed on the surface 16 without marring or otherwise chemically interfering with the material of many surfaces, such as vehicle dashboards. It will be appreciated that many surfaces, such as a vehicle dashboard, have a finished surface configured to be aesthetically pleasing and luxurious. Such surfaces can be formed of a plastic or leather material, and can be expensive to replace or repair. In addition, it will be appreciated that some surfaces are subjected to extreme condition, such as heat and sunlight. It has been found that the expanded vinyl material not only provides the required retention of objects and fixed relationship with the surface, but also typically does so without chemically interacting with the material of surface, or otherwise damage the surface.

The expanded vinyl material of the frictional holding pad 10 forms a temporary non-chemical bond with both 1) the items 14 stored on the upper surface 20, and 2) the surface 16. The pad 10 can be removed from the surface 16 without leaving behind any residue and without damaging the pad. In this manner the pad 10 can be easily moved to any location the user desires. Because the pad is made from expanded vinyl, it can be easily cleaned with soap and water, and still retain its tackiness, and is thus reusable.

The expanded vinyl material more specifically can include: diisodecy/phthalate; polymeric plasticer; a UV stabilizer; a vinyl hear stabilizer; a blowing agent for vinyl plastisol; and vinyl resin (plastic). The expanded vinyl material can have a weight between approximately 10 and 20 ounces per square yard; more preferably between approximately 12 and 18 ounces per square yard; and most preferably between approximately 14 and 16 ounces per square yard. The frictional holding pad 10 can have a thickness between approximately 0.03 and 0.09; more preferably between approximately 0.04 and 0.08 inches; and most preferably between approximately 0.05 and 0.06 inches.

The frictional holding pad 10 can be formed of different layers with different materials. For example, the pad 10 can have a skin layer 40 formed on the bottom surface 22 formed of a different material than the rest of the pad. For example, the material of the skin layer 40 can include: aqua ammonia (NH₄OH); azardine; rubber; color; and body for thickening. The skin layer 28 can have a thickness between 0.003 and 0.006 inches, and more preferably between 0.004 and 0.005 inches.

6

In addition, a perforated pattern can be formed in the pad 10 to give the impression of a stitching. For example, a plurality of holes 44 can be formed around a perimeter of the pad near the edge to give the appearance of a stitched edge that can be more visually consistent with the surface 16. The pad 10 can be die cut from a larger sheet of material. The perforated pattern can similarly be formed by a die.

The frictional holding pad 10 also can include indicia 52 formed on the upper surface 20. The indicia 52 can be formed by ink, or ink-like materials, printed on the upper surface. The indicia 52 can include: a logo, an advertisement, an instruction, a promotion, a company name, and a product name. Thus, the frictional holding pad 10 can be used as a promotional item by including a business or product logo or name. It will be appreciated that such frictional holding pads can be inexpensively manufactured, and in use, can occupy a position of high and frequent visibility. Thus, such frictional holding pads can be inexpensively manufacture, and given away as promotional items. In addition, the indicia 52 can include instructions that can be related or unrelated to the use or care of the pad. For example, the instructions can include how to use or place the pad, and how to clean or wash the pad. As another example, the instructions can relate to the use of something other than the pad itself, such as an item to be disposed thereon. Thus, the pad serves dual functions, both as a frictional holding pad to secure and item, and providing ready instructions. The instructions can relate to the use of the item to be disposed thereon. Thus, such a pad can be provided with an item, or provided for use with such an item. For example, the instructions can relate to the use of a cellular phone. In addition, the indicia can include warning, such as warning not to drive while talking on the phone.

Referring to FIG. 6, another frictional holding pad, indicated generally at 110, is shown which is similar in many respects to the frictional holding pad described above and shown in the other drawings. The pad 110 can be translucent or transparent. Thus, surface details 114 on the surface 16 can be viewed or are visible through the pad 110 (indicated at 116 in FIG. 6). The translucent or transparent nature of the pad 110 can make the pad blend-in or match the surface 16 because of the surface details 114 showing through the pad. If the pad is translucent, it can also include a light coloring. Such coloring can help visually distinguish the pad 110 from the surface 16. Thus, a translucent pad can both blend with the surface while still being visually distinguishable therefrom.

The pad 110 can be formed of, or can include, a translucent or transparent material. For example, the pad 110 can include a molded polyurethane material. It has been found that the polyurethane material provides both a frictional or "tacky" quality that remains disposed on the surface, and that is transparent or translucent. In addition, the polyurethane material can be easily cleaned with soap and water.

The pad 110 also can include indicia 52 formed thereon. The indicia 52 can be formed on the bottom surface 22 of the pad 110 and still be visible because the pad is translucent or transparent. Forming the indicia 52 on the bottom surface 22 of the pad can also protect the indicia from wear or removal.

The pad 110 also can include a printable portion or section 120 that can include a substantially flat area on the upper surface 20. Thus, the upper surface 20 can be substantially contoured, but still have a flat printable portion or section 120 for indicia 52.

The pad 110 preferably has a low profile, or is thin, having a thickness of less than approximately ⅛th of an inch. Thus,

US 7,125,602 B2

7

the items 14 are kept close to the surface 16 without extending where they might interfere with the operation of the vehicle.

Thus, the pad 110 can be a thin sheet of polyurethane material with a substantially smooth and continuous lower surface 22 with a tacky characteristic to non-chemically and removably adhere to the surface 16, and a contoured upper surface 20 also with a tacky characteristic to non-chemically and removably adhere to an item. The pad or polyurethane material can be translucent or transparent, and can include printing on either the upper or lower surface.

The frictional holding pads described above can be sized and shaped to match the desired surface. For example, the pads can be sized to receive the above identified objects thereon, and to fit on typical dash boards. As an example, a size less than seven inches has been found to be useful. In addition, the pads can be sized or shaped to match other designs, such as logos.

It is to be understood that the above-referenced arrangements are only illustrative of the application for the principles of the present invention. Numerous modifications and alternative arrangements can be devised without departing from the spirit and scope of the present invention while the present invention has been shown in the drawings and fully described above with particularity and detail in connection with what is presently deemed to be the most practical and preferred embodiments(s) of the invention, it will be apparent to those of ordinary skill in the art that numerous modifications can be made without departing from the principles and concepts of the invention as set forth in the claims.

What is claimed is:

1. A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:
   (a) a dashboard or console of a vehicle;
   (b) a pad having a bottom disposed on the dashboard or console of the vehicle, and a top;
   (c) the top having a contoured top surface extending over a majority of the top;
   (d) the top surface including a plurality of protrusions or indentations;
   (e) the bottom having a bottom surface smoother than the top surface and configured to contact and frictionally cling to the vehicle surface; and
   (f) an item, removably disposed on the top surface of the pad, the item being selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

2. A device in accordance with claim 1, wherein the contoured top surface has an uppermost surface area less than a lowermost surface area of the bottom.

3. A device in accordance with claim 1, wherein the pad is bendable and includes a flexible material configured to conform the pad to changes in the vehicle surface.

4. A device in accordance with claim 1, wherein the bottom surface of the pad is tacky; and wherein the top surface is less tacky than the bottom surface.

5. A device in accordance with claim 1, further comprising:
   indicia, formed on the top surface of the pad, the indicia being selected from the group consisting of: a logo, an

8

advertisement, an instruction, a promotion, a company name, and a product name.

6. A device in accordance with claim 1, wherein the top surface includes at least two sections, including a first section that is substantially flat and has indicia thereon, and a second section that is contoured and configured to receive the item thereon.

7. A device in accordance with claim 1, wherein the pad includes an expanded vinyl material.

8. A device in accordance with claim 1, wherein the pad includes a polyurethane material.

9. A device in accordance with claim 1, wherein at least a portion of the pad is at least translucent.

10. A device in accordance with claim 9, further comprising indicia, formed on the bottom surface of the pad, and visible through the pad.

11. A method for releasably securing an item on a dashboard or console of a vehicle without marring or altering the dashboard or console of the vehicle, comprising the steps of:
   a) placing a frictional holding pad on the dashboard or console of the vehicle, the frictional holding pad having:
      a contoured top surface having a plurality of indentations and protrusions and extending over a majority of the frictional holding pad with an uppermost contact surface;
      a lowermost contact surface contacting and frictionally clinging to the dashboard or console of the vehicle without marring or altering the dashboard or console of the vehicle;
      a bottom of the pad being smoother than the top surface;
      the lowermost contact surface having a greater surface area than the uppermost contact surface; and
   b) placing the item on the uppermost contact surface of the contoured top surface of the frictional holding pad, the uppermost contact surface of the frictional holding pad frictionally clinging to the item; and
   c) removing the item from the uppermost contact surface of the frictional holding pad while the frictional holding pad remains on the dashboard or console of the vehicle; and
   d) the item being selected from the group consisting of a cellular phone, sun glasses, eye glasses, a global positioning system, a two-way radio, a personal digital assistant, a writing instrument, a citizens band radio, a walkie-talkie, a camera, a video camera, a video recorder, a CD player, a DVD player, a portable television, and a portable radio.

12. A method in accordance with claim 11, further comprising the step of:
   operating the vehicle such that the vehicle surface moves, with the item secured to and moving with the dashboard or console of the vehicle by the frictional holding pad.

13. A method accordance with claim 11, wherein the lowermost contact surface of the frictional holding pad clings to the dashboard or console of the vehicle more than the uppermost contact surface of the frictional holding pad clings to the item.

14. A method in accordance with claim 11, wherein the step of placing the frictional holding pad on the dashboard or console of the vehicle further comprises the step of:
   bending the frictional holding pad to conform the frictional folding pad to changes in the dashboard or console of the vehicle, the frictional holding pad including a flexible material.

US 7,125,602 B2

9

15. A method in accordance with claim 11, further comprising the step of:

removing a backing layer from the lowermost contact surface of the frictional holding pad prior to placing the frictional holding pad on the dashboard or console of the vehicle.

16. A method for releasably securing an item on a dashboard or console of a vehicle without marring or altering the dashboard or console of the vehicle, comprising the steps of:

a) placing a frictional holding pad on the dashboard or console of the vehicle, the frictional holding pad including at least a portion that is at least translucent, the frictional holding pad having an upper surface having a plurality of indentations and protrusions, and a bottom surface frictionally clinging to the dashboard or console of the vehicle without marring or altering the dashboard or console of the vehicle;

b) placing an item on the upper surface of the frictional holding pad, the upper surface of the frictional holding pad frictionally clinging to the item; and

c) removing the item from the upper surface of the frictional holding pad while the frictional holding pad remains on the dashboard or console of the vehicle; and

d) the item being selected from the group consisting of a cellular phone, sun glasses, eye glasses, a global positioning system, a two-way radio, a personal digital assistant, a writing instrument, a citizens band radio, a walkie-talkie, a camera, a video camera, a video recorder, a CD player, a DVD player, a portable television, and a portable radio.

17. A method in accordance with claim 16, wherein the step of placing the frictional holding pad further includes placing a frictional holding pad with a contoured top surface with an uppermost contact surface and a lowermost contact surface, the lowermost contact surface having a greater surface area than the uppermost contact surface.

18. A method in accordance with claim 16, further comprising the step of:

viewing the dashboard or console of the vehicle through the at least a portion of the frictional holding pad that is at least translucent.

19. A method in accordance with claim 16, further comprising the step of:

operating a vehicle such that the dashboard or console of the vehicle moves, with the item secured to and moving with the dashboard or console of the vehicle by the frictional holding pad.

20. A method in accordance with claim 16, wherein the bottom surface of the frictional holding pad clings to the dashboard or console of the vehicle more than the upper surface of the frictional holding pad clings to the item.

21. A method in accordance with claim 16, wherein the step of placing the frictional holding pad on the dashboard or console of the vehicle further comprises the step of:

bending the frictional holding pad to conform the frictional folding pad to changes in the dashboard or console of the vehicle, the frictional holding pad including a flexible material.

22. A method in accordance with claim 16, further comprising the step of:

removing a backing layer from the bottom surface of the frictional holding pad prior to placing the frictional holding pad on the dashboard or console of the vehicle.

23. A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

10

(a) a dashboard or console of a vehicle;

(b) a pad having a bottom disposed on the dashboard or console of the vehicle, and a top;

(c) the top having a contoured top surface including a plurality of indentations or protrusions; and

(d) at least a portion of the pad being at least translucent; and

(e) an item, removably disposed on the top surface of the pad, the item being selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

24. A device in accordance with claim 23, wherein the contoured top surface extends across a majority of the top.

25. A frictional holding device in combination on a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

a) a dashboard or console of a vehicle;

b) a pad having a bottom disposed on the dashboard or console of the vehicle, and a top configured to removably receive the item thereon;

c) the top having a contoured top surface extending over a majority of the top configured to contact and frictionally cling to the item;

d) the top surface including a plurality of protrusions or indentations;

e) the bottom having a bottom surface smoother than the top surface contacting and frictionally clinging to the dashboard or console of the vehicle; and

f) the item is removably secured to the top surface of the pad.

26. A device in accordance with claim 25, wherein the contoured top surface has an uppermost surface area less than a lowermost surface area of the bottom.

27. A device in accordance with claim 25, wherein the pad is bendable and includes a flexible material configured to conform the pad to changes in the dashboard or console of the vehicle.

28. A device in accordance with claim 25, wherein the bottom surface of the pad is tacky, and wherein the top surface is less tacky than the bottom surface.

29. A device in accordance with claim 25, further comprising:

indicia, formed on the top surface of the pad, the indicia being selected from the group consisting of: a logo, an advertisement, an instruction, a promotion, a company name, and a product name.

30. A device in accordance with claim 25, wherein the top surface includes at least two sections, including a first section that is substantially flat and has indicia thereon, and a second section that is contoured and configured to receive the item thereon.

31. A device in accordance with claim 25, wherein the pad includes an expanded vinyl material.

32. A device in accordance with claim 25, wherein the pad includes a polyurethane material.

33. A device in accordance with claim 25, wherein at least a portion of the pad is at least translucent.

34. A device in accordance with claim 33, further comprising indicia, formed on the bottom surface of the pad, and visible through the pad.

35. A device in accordance with claim 25, further comprising:

US 7,125,602 B2

11

12

an item, removably disposed on the top surface of the pad, the item being selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

36. A frictional holding device in combination a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

a) a dashboard or console of a vehicle;

b) a pad having a bottom disposed on the dashboard or console of the vehicle, and a top configured to removably receive the item thereon;

c) the top having a contoured top surface configured to contact and frictionally cling to the item, and including a plurality of indentations or protrusions; and

d) at least a portion of the pad being at least translucent; and

e) the item is removably secured to the top surface of the pad.

37. A device in accordance with claim 36, wherein the contoured top surface has an uppermost surface area less than a lowermost surface area of the bottom.

38. A device in accordance with claim 36, wherein the pad is bendable and includes a flexible material configured to conform the pad to changes in the dashboard or console of the vehicle.

39. A device in accordance with claim 36, wherein the bottom surface of the pad is tacky; and wherein the top surface is less tacky than the bottom surface.

40. A device in accordance with claim 36, further comprising:

indicia, formed on the top surface of the pad, the indicia being selected from the group consisting of: a logo, an advertisement, an instruction, a promotion, a company name, and a product name.

41. A device in accordance with claim 36, wherein the top surface includes at least two sections, including a first section that is substantially flat and has indicia thereon, and a second section that is contoured and configured to receive the item thereon.

42. A device in accordance with claim 36, wherein the pad includes an expanded vinyl material.

43. A device in accordance with claim 36, wherein the pad includes a polyurethane material.

44. A device in accordance with claim 36, wherein at least a portion of the pad is at least translucent.

45. A device in accordance with claim 44, further comprising indicia, formed on the bottom surface of the pad, and visible through the pad.

46. A device in accordance with claim 36, further comprising:

an item, removably disposed on the top surface of the pad, the item being selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

* * * * *

# EXHIBIT  B

(12) **United States Patent**
Wheatley

(10) **Patent No.:**    **US 7,252,867 B2**
(45) **Date of Patent:**    *Aug. 7, 2007

(54) **FRICTIONAL HOLDING PAD**

(75) Inventor: **Alan J. Wheatley**, Draper, UT (US)

(73) Assignee: **American Covers, Inc.**, Draper, UT (US)

( * ) Notice:    Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 161 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **11/021,560**

(22) Filed:    **Dec. 22, 2004**

(65)    **Prior Publication Data**

US 2005/0199668 A1    Sep. 15, 2005

**Related U.S. Application Data**

(60) Continuation-in-part of application No. 10/684,008, filed on Oct. 10, 2003, now Pat. No. 7,125,602, which is a division of application No. 10/209,948, filed on Jul. 30, 2002, now Pat. No. 6,673,409.

(60) Provisional application No. 60/344,571, filed on Dec. 28, 2001, provisional application No. 60/308,955, filed on Jul. 31, 2001.

(51) **Int. Cl.**
*B32B 3/30*    (2006.01)

(52) **U.S. Cl.** .................. **428/40.1**; 296/97.3; 296/97.7; 296/97.9; 428/41.3; 428/41.5; 428/42.1; 428/156; 428/157; 428/160; 428/192; 428/194; 428/922

(58) **Field of Classification Search** .............. 428/40.1, 428/42.1, 192, 194, 41.3, 41.5, 156, 158, 428/160, 922; 296/97.3, 97.7, 97.9
See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,128,118 A | 8/1938 | Burford | |
| 2,466,502 A | 4/1949 | Stiller | |
| 2,642,248 A | 6/1953 | Semon | |
| 3,654,047 A | 4/1972 | Berkowitz | |
| 4,749,222 A | 6/1988 | Idland | |
| 4,944,311 A | 7/1990 | Eldridge, Jr. et al. | |
| 5,036,866 A | 8/1991 | Eldrige, Jr. et al. | |
| 5,358,094 A | 10/1994 | Molinaro | |
| 5,638,249 A | 6/1997 | Rubino | |
| 6,673,409 B1 * | 1/2004 | Wheatley | 428/40.1 |
| 2004/0084492 A1 * | 5/2004 | Wheatley | 224/483 |

OTHER PUBLICATIONS

FNN-Fleet NewsNet: Company car fleet management solutions pp. 1-4, Roadtest (www.fleetnewsnet.co.uk).
General Electric "Friction Pad Kit" Instructions Field Made for MPD, MPD Friction Pad, Aug. 19, 1988.

* cited by examiner

*Primary Examiner*—Nasser Ahmad
(74) *Attorney, Agent, or Firm*—Thorpe North & Western, LLP

(57)    **ABSTRACT**

A frictional holding pad for removably attaching items, such as a cell phone, to a surface, such as a dash, to allow storage of items on the pad to prevent the items from shifting or sliding due to the movement of the support surface. A bottom surface of the pad is tacky to cling to the surface and a top surface is tacky to cling to the item. A lowermost contact surface of the pad can have a greater surface area than an uppermost contact surface. Indicia can be formed on the pad. The pad can be translucent or transparent. The pad can include an expanded vinyl material or a polyurethane material.

**20 Claims, 5 Drawing Sheets**





*Fig. 1*



*Fig. 2*



**Fig. 3**



**Fig. 4**



*Fig. 5*



*Fig. 6*





*Fig. 11*



*Fig. 12*

US 7,252,867 B2

1

## FRICTIONAL HOLDING PAD

This is a continuation-in-part of U.S. patent application Ser. No. 10/684,008, filed Oct. 10, 2003, now U.S. Pat. No. 7,125,602; which is a divisional of Ser. No. 10/209,948, now U.S. Pat. No. 6,673,409, filed Jul. 30, 2002; which claims benefit of U.S. Provisional Patent Application Nos. 60/308, 955, filed Jul. 31, 2001, and 60/344,571, filed Dec. 28, 2001, is claimed.

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to a frictional holding pad, particularly useful to releasably secure an object, such as from movement in a vehicle.

2. Related Art

It is often desirable to non-permanently adhere a first object to a second object, but retain the option of removing the first object without damaging either object. Conventional adhesive devices, however, often utilize a chemical bond that is permanent in nature so that removal of the adhesive device either damages the object on which it was used, or leaves a residue on the object that is difficult to remove without damaging the object. Similarly, mechanical retaining devices often are mounted to an object in such a way as to permanently alter the object. There are also magnetic devices in which two pieces are glued to the dash and phone, and then magnetically couple together.

Additionally, many items carried in day-to-day life must often be temporarily stored to free an individual's hands for other tasks. One common example of such a situation arises when an individual enters a vehicle. Items such as cell phones, personal digital assistants, writing instruments or glasses must be stored in order to free the hands of the individual so that he or she may operate the vehicle. In many cases, however, an individual may wish to have ready access to the items should the items be quickly needed, for instance if a call is received on the cell phone. Because most vehicles involve stop-and-go or side-to-side motion, placing such items on open surfaces raises the risk that the items will slide off the open surface during operation of the vehicle. The movement of such items can cause damage to the item itself, damage to the vehicle or interior accessories, and posses a safety problem. For example, a cell phone may break if it falls to the floor, or may fall onto another object, such as a laptop computer, causing further damage. In addition, a driver may be distracted by trying to retrieve the phone from the floor. Hence, storing such items on open surfaces is generally not a viable option.

While most vehicles include storage locations for such personal items, storing the items generally requires the inconvenience of opening a compartment, such as a glove box in an automobile, and storing the items along with the other items already contained within the compartment. Once stored in such compartments, items are not visible to an individual and are not easily accessible should the individual wish to quickly access the items.

Various solutions to the problem have been proposed. Most notably, special mounting devices have been used to secure items in the car. Such mounting devices typically have a base that is secured to some object in the vehicle, and a receiving portion to receive and hold the item. For example, some devices are configured to receive and hold a cell phone. Other devices are configured to receive and hold sunglasses. One disadvantage with such mounting devices is that they are typically customized to hold a particular item,

2

or type of item, and are ill suited for other items. For example, a mounting device for a cell phone may not adequately hold sunglasses. Thus, it may be necessary to have several mounting devices within the vehicle, one for a cell phone, one for sunglasses, one for a GPS unit, etc. One disadvantage with having several mounting devices is that the vehicle appears cluttered. In addition, such mounting devices are typically sold as accessories, and thus add expense. Another disadvantage with such mounting devices is that they can permanently alter and devalue the vehicle.

## SUMMARY OF THE INVENTION

It has been recognized that it would be advantageous to develop a system and method to releasably secure items to a surface without permanently altering the surface. In addition, it has been recognized that it would be advantageous to develop a system and method to releasably secure items to a surface in a vehicle without permanently altering the vehicle surface, and allowing for ready retrieval of the object. In addition, it has been recognized that it would be advantageous to develop such a system and method capable of being used with various different items. In addition, it has been recognized that it would be advantageous to develop such a system and method capable of providing advertisement, and/or personalization or customization.

The invention provides a frictional holding device to be disposed on a vehicle surface and to receive and secure an item thereon. The device includes a pad having different top and bottom surfaces. The bottom surface is to be disposed on the vehicle surface, and the top is to removably receive the item thereon. At least a substantial portion of the top surface is a contoured top surface with a plurality of protrusions or indentations.

In accordance with another aspect of the present invention, the bottom surface can include a contoured bottom surface with a plurality of protrusions or indentations. In addition the bottom surface can have a lowermost contact surface to contact and frictionally cling to the vehicle surface. The contoured top surface can have an uppermost contact surface that is less than the lowermost contact surface of the bottom surface.

In accordance with another aspect of the present invention, the contoured top surface can define an item receiving area extending at least substantially across the top of the pad.

In accordance with another aspect of the present invention, at least a portion of the pad is at least translucent. In another aspect, the pad is at least translucent. The pd can be formed of polyurethane.

The invention also provides a method for releasably securing an item on a vehicle surface without marring or altering the vehicle surface. A frictional holding pad is placed on the vehicle surface with a lowermost contact surface of the frictional holding pad contacting and frictionally clinging to the vehicle surface without marring or altering the vehicle surface. An item is placed on an uppermost contact surface of a contoured top surface of the frictional holding pad with the uppermost contact surface of the frictional holding pad frictionally clinging to the item. The uppermost contact surface is formed by indentations or protrusions in the contoured top surface. The contoured top

3

surface extends substantially across a top of the frictional holding pad. The lowermost contact surface has a greater surface area than the uppermost contact surface. The item can be removed from the uppermost contact surface of the frictional holding pad while the frictional holding pad remains on the vehicle surface.

In accordance with another aspect of the present invention, the vehicle surface can be viewed through at least a portion of the frictional holding pad that is at least translucent.

Additional features and advantages of the invention will be apparent from the detailed description which follows, taken in conjunction with the accompanying drawings, which together illustrate, by way of example, features of the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of a frictional holding pad in accordance with an embodiment of the present invention, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon;

FIG. 2 is a cross-sectional view of the frictional holding pad of FIG. 1;

FIG. 3 is a detailed, partial cross-sectional view of the frictional holding pad of FIG. 1;

FIG. 4 is a detailed, partial cross-sectional view of the frictional holding pad of FIG. 1 with a release layer and a wrapper in accordance with an embodiment of the present invention;

FIG. 5 is a detailed cross-sectional view of the frictional holding pad of FIG. 1;

FIG. 6 is a cross-sectional view of another frictional holding pad in accordance with another embodiment of the present invention, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon;

FIG. 7 is a top view of another frictional holding pad in accordance with an embodiment of the present invention;

FIG. 8 is a top view of another frictional holding pad in accordance with an embodiment of the present invention shown with a corner pulled-up to reveal a bottom surface;

FIG. 9 is a detailed, partial cross-sectional side view of the frictional holding pad of FIG. 8;

FIG. 10 is a perspective view of the frictional holding pad of either of FIG. 7 or 8, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon;

FIG. 11 is a top view of another frictional holding pad in accordance with an embodiment of the present invention; and

FIG. 12 is a perspective view of the frictional holding pad of FIG. 11, shown disposed on a dashboard of a vehicle and with a cellular phone disposed thereon.

DETAILED DESCRIPTION

Reference will now be made to the exemplary embodiments illustrated in the drawings, and specific language will be used herein to describe the same. It will nevertheless be understood that no limitation of the scope of the invention is thereby intended. Alterations and further modifications of the inventive features illustrated herein, and additional applications of the principles of the inventions as illustrated herein, which would occur to one skilled in the relevant art and having possession of this disclosure, are to be considered within the scope of the invention.

As illustrated in FIGS. 1-5, a frictional holding pad, indicated generally at 10, in accordance with the present

4

invention is shown for releasably retaining, or selectively maintaining, an item 14 on a surface 16. The pad 10 is disposed on the surface 16, and receives the item 14 thereon. The surface 16 can be planar or curved, and can include a dashboard or console of a vehicle. The item 14 can be any of a number of items, including for example, a cell phone, a personal digital assistant (PDA), a writing instrument, such as a pen or pencil, a pair of sunglasses, a pair of eye glasses, a global positioning system (GPS), a radio, a two-way radio, a citizens band (CB) radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, a portable television (TV), etc. Securing personal items in a vehicle is one field that may benefit from use of the present invention. It will be appreciated that other items can be selectively secured to the surface 16 by the pad 10. In addition, it will be appreciated that the pad can be disposed on other surfaces.

The frictional holding pad 10 has an upper or uppermost surface 20 and a lower surface 22. The upper surface 20 is holds one or more objects 14 securely in place despite movement of the surface 16 or vehicle. The lower surface 22 is disposed on and grips the surface 16. The lower surface 22 of the frictional holding pad 10 can be "tacky", such that the pad 10 tends to cling to the surface 16 in a mechanical fashion, as opposed to a chemical or adhesive manner. The lower surface 22 also can be smoother than the upper surface 20, or have a more shiny appearance.

In addition, the lower surface 22 can have a greater surface area in contact with the surface 16 to provide a greater frictional engagement. The upper surface 20 can have less surface area in contact with the object 14 to provide less frictional engagement. Thus, the pad 10 remains on the surface 16 when the object 14 is removed, rather than removing the pad from the surface while the object is removed from the pad. The upper surface 20 can have contours or texture (indicated at 21) formed thereon to reduce the surface area of the upper surface 20 in contact with the item 14 disposed thereon. Thus, the item 14 can be removed from the pad 10 without the pad sticking to the item or being removed from the surface 16.

The frictional holding pad 10 can be flexible and capable of bending (indicated at 23 in FIG. 2) to conform to curves or details in the surface 16. The frictional holding pad 10 also can have a planar configuration and can be used on planar surfaces. The frictional holding pad 10 can be provided in an original planar configuration, supported by a paper backing or release layer 24. The release layer 24 prevents or resists the pad 10 or lower surface 22 from sticking or clinging to any wrapper or packaging of the pad. The release layer 24 may be stiffer than the pad to maintain the pad in a planar configuration. In addition, the release layer 24 can include indicia thereon, such as instructions for use and care of the pad. The release layer 24 can include a tab 25 protruding therefrom beyond a perimeter of the pad 10 to facilitate removal of the release layer from the pad. Upon removal of the release layer 24, the pad 10 is flexible to enable conformity with a wide array of curved surfaces. In addition, removal of the release layer 24 exposes the lower surface 22 of the pad to be disposed on the surface 16. A removable wrapper 26 can be formed around the pad 10 and the backing layer 24 to protect the pad prior to use. The wrapper 26 and backing layer 24 can be removed prior to placing the pad on the surface 16.

The upper surface 20 of the pad 10 can be non-chemically adhered to items 14 placed thereon. Like the bottom surface 22, the upper surface 20 can be "tacky", such that the pad 10 tends to cling to the item 14 in a mechanical fashion, as

US 7,252,867 B2

5

opposed to a chemical or adhesive manner. As stated above, the upper surface 20 can be contoured to include protrusions 30 and/or indentations 32. The protrusions 30 and indentations 32 can be rounded or curvilinear to form a more gradual transition between the protrusions and indentations, and create a contour on the upper surface 20 that is wavy or with a more natural appearance, creating a leather-like texture that can match the surface 16. The contour of the surface 20 creates an uppermost surface on the tops of the protrusions 30 that contacts the item 14. The upper or uppermost surface 20 thus has less surface area in contact with the item 14 than the lower surface 22 has in contact with the surface 16. Thus, a greater clinging force is exerted on the item 14 than on the surfaced 16 such that the item 14 can be removed from the pad 10 or upper surface 20 without removing the pad from the surface 16. In addition, the item 14 can be smaller than the pad itself, thus also contributing to less surface contact between the upper surface 20 and the item 14.

The contour, or protrusions or indentations, can extend at least substantially across the top of the pad, as shown in FIG. 1. Thus, the contour extends into an interior region of the pad. The contoured top surface defines an item receiving area where the item can be placed. The item receiving area thus extends at least substantially across the top of the pad. The contour can be disposed on a majority of the upper surface.

Referring to FIG. 5, an array or matrix of a plurality of indentations 34 can be formed in the upper surface 20 of the pad 10 creating a plurality of protrusions 36 therebetween. The indentations 34 and protrusions 36 can be more straight, linear or recta-linear to create a more modern appearance.

The pad 10 can be formed of or can include an expanded vinyl material. It has been found that the expanded vinyl material provides a good frictional or "tacky" quality that remains disposed on the surface, and that retains the items thereon. In addition, it has been found that such an expanded vinyl material typically can be disposed on the surface 16 without marring or otherwise chemically interfering with the material of many surfaces, such as vehicle dashboards. It will be appreciated that many surfaces, such as a vehicle dashboard, have a finished surface configured to be aesthetically pleasing and luxurious. Such surfaces can be formed of a plastic or leather material, and can be expensive to replace or repair. In addition, it will be appreciated that some surfaces are subjected to extreme conditions, such as heat and sunlight. It has been found that the expanded vinyl material not only provides the required retention of objects and fixed relationship with the surface, but also typically does so without chemically interacting with the material of surface, or otherwise damage the surface.

The expanded vinyl material of the frictional holding pad 10 forms a temporary non-chemical bond with both 1) the items 14 stored on the upper surface 20, and 2) the surface 16. The pad 10 can be removed from the surface 16 without leaving behind any residue and without damaging the pad. In this manner the pad 10 can be easily moved to any location the user desires. Because the pad is made from expanded vinyl, it can be easily cleaned with soap and water, and still retain its tackiness, and is thus reusable.

The expanded vinyl material more specifically can include: diisodecyl/phthalate; polymeric plasticer; a UV stabilizer; a vinyl hear stabilizer; a blowing agent for vinyl plastisol; and vinyl resin (plastic). The expanded vinyl material can have a weight between approximately 10 and 20 ounces per square yard; more preferably between approximately 12 and 18 ounces per square yard; and most

6

preferably between approximately 14 and 16 ounces per square yard. The frictional holding pad 10 can have a thickness between approximately 0.03 and 0.09; more preferably between approximately 0.04 and 0.08 inches; and most preferably between approximately 0.05 and 0.06 inches.

The frictional holding pad 10 can be formed of different layers with different materials. For example, the pad 10 can have a skin layer 40 formed on the bottom surface 22 formed of a different material than the rest of the pad. For example, the material of the skin layer 40 can include: aqua ammonia ($NH_4OH$); azardine; rubber; color; and body for thickening. The skin layer 28 can have a thickness between 0.003 and 0.006 inches, and more preferably between 0.004 and 0.005 inches.

In addition, a perforated pattern can be formed in the pad 10 to give the impression of a stitching. For example, a plurality of holes 44 can be formed around a perimeter of the pad near the edge to give the appearance of a stitched edge that can be more visually consistent with the surface 16. The pad 10 can be die cut from a larger sheet of material. The perforated pattern can similarly be formed by a die.

The frictional holding pad 10 also can include indicia 52 formed on the upper surface 20. The indicia 52 can be formed by ink, or ink-like materials, printed on the upper surface. The indicia 52 can include: a logo, an advertisement, an instruction, a promotion, a company name, and a product name. Thus, the frictional holding pad 10 can be used as a promotional item by including a business or product logo or name. It will be appreciated that such frictional holding pads can be inexpensively manufactured, and in use, can occupy a position of high and frequent visibility. Thus, such frictional holding pads can be inexpensively manufactured, and given away as promotional items. In addition, the indicia 52 can include instructions that can be related or unrelated to the use or care of the pad. For example, the instructions can include how to use or place the pad, and how to clean or wash the pad. As another example, the instructions can relate to the use of something other than the pad itself, such as an item to be disposed thereon. Thus, the pad serves dual functions, both as a frictional holding pad to secure and item, and providing ready instructions. The instructions can relate to the use of the item to be disposed thereon. Thus, such a pad can be provided with an item, or provided for use with such an item. For example, the instructions can relate to the use of a cellular phone. In addition, the indicia can include warning, such as warning not to drive while talking on the phone.

Referring to FIG. 6, another frictional holding pad, indicated generally at 110, is shown which is similar in many respects to the frictional holding pad described above and shown in the other drawings. The pad 110 can be translucent or transparent. Thus, surface details 114 on the surface 16 can be viewed or are visible through the pad 110 (indicated at 116 in FIG. 6). The translucent or transparent nature of the pad 110 can make the pad blend-in or match the surface 16 because of the surface details 114 showing through the pad. If the pad is translucent, it can also include a light coloring. Such coloring can help visually distinguish the pad 110 from the surface 16. Thus, a translucent pad can both blend with the surface while still being visually distinguishable therefrom.

The pad 110 can be formed of, or can include, a translucent or transparent material. For example, the pad 110 can include a molded polyurethane material. It has been found that the polyurethane material provides both a frictional or "tacky" quality that remains disposed on the surface, and

7

that is transparent or translucent. In addition, the polyurethane material can be easily cleaned with soap and water.

The pad 110 also can include indicia 52 formed thereon. The indicia 52 can be formed on the bottom surface 22 of the pad 110 and still be visible because the pad is translucent or transparent. Forming the indicia 52 on the bottom surface 22 of the pad can also protect the indicia from wear or removal.

The pad 110 also can include a printable portion or section 120 that can include a substantially flat area on the upper surface 20. Thus, the upper surface 20 can be substantially contoured, but still have a flat printable portion or section 120 for indicia 52.

The pad 110 preferably has a low profile, or is thin, having a thickness of less than approximately ¼of an inch. Thus, the items 14 are kept close to the surface 16 without extending where they might interfere with the operation of the vehicle.

Thus, the pad 110 can be a thin sheet of polyurethane material with a substantially smooth and continuous lower surface 22 with a tacky characteristic to non-chemically and removably adhere to the surface 16, and a contoured upper surface 20 also with a tacky characteristic to non-chemically and removably adhere to an item. The pad or polyurethane material can be translucent or transparent, and can include printing on either the upper or lower surface.

The frictional holding pads described above can be sized and shaped to match the desired surface. For example, the pads can be sized to receive the above identified objects thereon, and to fit on typical dash boards. As an example, a size less than seven inches has been found to be useful. In addition, the pads can be sized or shaped to match other designs, such as logos.

Referring to FIGS. 7, other frictional holding pads 310 and 314 are shown that are similar in most respects to those described above. The frictional holding pad 314 can also include a contoured bottom surface. Referring to FIG. 7, the frictional holding pad 310 is similar to the frictional holding pad 110 shown in FIG. 6. The pad 310 has different top and bottom surfaces. The bottom surface can be substantially flat, as described above, to be disposed on the vehicle surface. Alternatively, the bottom surface can be contoured, as described below. The top surface 318 can be different from the bottom surface and can include a contoured top surface to removably receive the item. At least a substantial portion of the top surface can be the contoured top surface. The contoured top surface can include a plurality of protrusions 322 and/or indentations 326. The protrusions 322 can extend from the top surface forming the indentations 326 therebetween, or the indentations 326 can extend into the top surface forming the protrusions 322 therebetween. As discussed above, the contoured top surface can be formed by an array or matrix of indentations extending across a majority of the top surface.

Also as described above, the contoured top surface has an uppermost contact surface that is less than a lowermost contact surface the bottom surface. In addition, the contoured top surface can define an item receiving area 330 that extends at least substantially across the top or top surface 318 of the pad 310.

Referring to FIGS. 8 and 9, the bottom surface 334 also can be contoured and can include a contoured bottom surface. The contoured bottom surface includes a plurality of protrusions 338 and/or indentations 342. The protrusions and indentations of the bottom surface can be similar to those of the top surface, but can provide a lowermost contact surface to contact and frictionally cling to the vehicle surface. The lowermost contact surface of the bottom sur-

8

face can have a greater surface area than the uppermost contact surface of the top. For example, the protrusions 338 of the bottom surface 334 can be larger than the protrusions 322 of the upper surface 318. Or the indentations 342 of the bottom surface 334 can be larger than the indentations 322 of the top surface 318.

As shown in FIG. 9, the protrusions 322 or 338 of the top or bottom surfaces 318 or 334 can be substantially flat, or the uppermost and lowermost contact surfaces can be flat to maximize the surface area in contact with the vehicle surface or item.

Referring to FIG. 10, either pad 310 or 314 can be translucent or transparent, or have at least a portion that is at least translucent. Thus, the vehicle surface 20 or features 346 thereof can be visible through the pad so that the pad blends-in with the vehicle surface. The pad can formed of polyurethane, which has been found to provide both tackiness and transparency/translucency, without marring most vehicle surfaces. In addition, referring to FIG. 8, the contoured bottom surface can be visible through the pad, indicated at 348, creating an interesting visual appearance.

Indicia 350 can be formed on the top surface 318 of the pad 310 or 314. The indicia can include: a logo, an advertisement, an instruction, a promotion, a company name, and a product name. The top surface 318 can include a first or flat section 354 that is flat, and upon which the indicia 350 can be disposed. In addition, the top surface 318 can include a second or remaining section that is contoured and configured to receive the item.

Referring to FIGS. 11 and 12, another frictional holding pad 410 is shown that is similar in most respects to those described above, namely the frictional holding pad 10 of FIGS. 1–4. Again, the contoured top surface 414 can extend substantially across the top surface. The contoured top surface can include protrusion and/or indentations that are curved or wavy. The pad can be formed of an expanded vinyl material, and can have indicia 418 printed thereon. A perimeter can include holes or indentations 422 to appear as stitching or to provide a more finished looking edge.

A method for releasably securing an item on a vehicle surface without marring or altering the vehicle surface includes placing a frictional holding pad on the vehicle surface with a lowermost contact surface of the frictional holding pad contacting and frictionally clinging to the vehicle surface. The item is placed on an uppermost contact surface of a contoured top surface of the frictional holding pad with the uppermost contact surface of the frictional holding pad frictionally clinging to the item. The uppermost contact surface can be formed by indentations and/or protrusions in the contoured top surface. The contoured top surface extends substantially across a top of the frictional holding pad. The lowermost contact surface has a greater surface area than the uppermost contact surface. The item can be removed from the uppermost contact surface of the frictional holding pad while the frictional holding pad remains on the vehicle surface. In addition, the vehicle surface can be viewed through at least a portion of the frictional holding pad that is at least translucent.

It is to be understood that the above-referenced arrangements are only illustrative of the application for the principles of the present invention. Numerous modifications and alternative arrangements can be devised without departing from the spirit and scope of the present invention while the present invention has been shown in the drawings and fully described above with particularity and detail in connection with what is presently deemed to be the most practical and

US 7,252,867 B2

9

preferred embodiments(s) of the invention, it will be apparent to those of ordinary skill in the art that numerous modifications can be made without departing from the principles and concepts of the invention as set forth in the claims.

What is claimed is:

1. A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

a) a dashboard or console of a vehicle;

b) a pad having different top and bottom surfaces, the bottom surface is disposed on and frictionally clings to the dashboard or console of the vehicle;

c) at least a substantial portion of the top surface is a contoured top surface with a plurality of protrusions or indentations; and

d) an item, removably disposed on and frictionally clings to the top surface of the pad, the item is selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

2. A device in accordance with claim 1, wherein:

the bottom surface includes a contoured bottom surface with a plurality of protrusions or indentations, and with a lowermost contact surface configured to contact and frictionally cling to the dashboard or console of the vehicle; and

the contoured top surface has an uppermost contact surface that is less than the lowermost contact surface.

3. A device in accordance with claim 1, wherein the contoured top surface defines an item receiving area extending at least substantially across the top of the pad.

4. A device in accordance with claim 1, wherein the bottom surface has a lowermost contact surface; and the contoured top surface has an uppermost contact surface that is less than the lowermost contact surface.

5. A device in accordance with claim 1, wherein at least a portion of the pad is at least translucent.

6. A device in accordance with claim 1, wherein the pad is at least translucent.

7. A device in accordance with claim 1, wherein the pad is formed of polyurethane.

8. A device in accordance with claim 1, wherein the bottom surface has a lowermost contact surface that is flat.

9. A device in accordance with claim 1, wherein the top surface has an uppermost contact surface that is flat; and wherein the contoured top surface includes indentations.

10. A device in accordance with claim 1, further comprising:

indicia, formed on the top surface of the pad, the indicia being selected from the group consisting of: a logo, an advertisement, an instruction, a promotion, a company name, and a product name.

11. A device in accordance with claim 1, wherein the top surface includes at least two sections, including a first section that is substantially flat and has indicia thereon, and a second section that is contoured and configured to receive the item thereon.

12. A device in accordance with claim 1, further comprising:

a removable backing layer, removably coupled to the bottom surface of the pad, prior to the pad being disposed on the dashboard or console of the vehicle.

10

13. A device in accordance with claim 12, further comprising:

a removable wrapper, formed around the pad and the backing layer prior to the pad being disposed on the dashboard or console of the vehicle, the removable backing layer resisting the bottom surface of the pad from coupling to the wrapper.

14. A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

a) a dashboard or console of a vehicle;

b) a pad having different top and bottom surfaces, the bottom surface is disposed on and frictionally clings to the dashboard or console of the vehicle;

c) at least a substantial portion of the top surface is a contoured top surface with a plurality of protrusions or indentations defining an uppermost contact surface;

d) the bottom surface including a contoured bottom surface with a plurality of protrusions or indentations defining a lowermost contact surface;

e) the lowermost contact surface having a greater surface area than the uppermost contact surface; and

f) an item, removably disposed on and frictionally clings to the top surface of the pad, the item is selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

15. A device in accordance with claim 14, wherein the contoured top surface defines an item receiving area extending at least substantially across the top of the pad.

16. A device in accordance with claim 14, wherein at least a portion of the pad is at least translucent.

17. A frictional holding device in combination with a dashboard or console of a vehicle and receives and secures an item thereon, the combination comprising:

a) a dashboard or console of a vehicle;

b) a pad having different top and bottom surfaces, the bottom surface is disposed on and frictionally clings to the dashboard or console of the vehicle;

c) the pad being at least translucent;

d) at least a substantial portion of the top surface is a contoured top surface with a plurality of protrusions or indentations defining an uppermost contact surface;

e) the bottom surface including a contoured bottom surface with a plurality of protrusions or indentations defining a lowermost contact surface;

f) the lowermost contact surface having a greater surface area than the uppermost contact surface; and

g) an item, removably disposed on and frictionally clings to the top surface of the pad, the item is selected from the group consisting of: a cell phone, a personal digital assistant, a writing instrument, a pen, a pencil, sunglasses, eye glasses, a global positioning system, a radio, a two-way radio, a citizens band radio, a walkie-talkie, a camera, a video recorder, a cassette player/recorder, a mini-cassette recorder, a DVD player, a mini-disk player, and a portable television.

18. A device in accordance with claim 17, wherein the contoured top surface defines an item receiving area extending at least substantially across the top of the pad.

19. A method of releasably securing an item on a dashboard or console of a vehicle without marring or altering the dashboard or console of the vehicle, comprising the steps of:

US 7,252,867 B2

11

12

a) placing a frictional holding pad on the dashboard or console of the vehicle surface with a contoured bottom surface of the frictional holding pad contacting and frictionally clinging to the dashboard or console of the vehicle without marring or altering the dashboard or console of the vehicle, the contoured bottom surface including a plurality of protrusions or indentations defining a contoured lowermost contact surface;

b) placing the item on an uppermost contact surface of a contoured top surface of the frictional holding pad with the uppermost contact surface of the frictional holding pad frictionally clinging to the item, the uppermost contact surface is formed by indentations or protrusions in the contoured top surface, the contoured top surface extending substantially across a top of the frictional holding pad, the lowermost contact surface having a greater surface area than the uppermost contact surface;

c) removing the item from the uppermost contact surface of the frictional holding pad while the frictional holding pad remains on the dashboard or console of the vehicle; and

d) the item is selected from the group consisting of a cellular phone, sun glasses, eye glasses, a global positioning system, a two-way radio, a personal digital assistant, a writing instrument, a citizens band radio, a walkie-talkie, a camera, a video camera, a video recorder, a CD player, a DVD player, a portable television, and a portable radio.

20. A method in accordance with claim 19, further comprising the step of:

viewing the dashboard or console of the vehicle through at least a portion of the frictional holding pad that is at least translucent.

* * * * *